**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JAMES EDWARD PROBST, #1699988, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:26-cv-137-JDK-JDL |
| BOBBY LUMPKIN, *et al.*, | § § § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Probst, a prisoner of the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil lawsuit for alleged violations of his constitutional rights in prison. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On April 14, 2026, Judge Love issued a Report recommending that this action be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2). Docket No. 8. Plaintiff filed written objections. Docket No. 11.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are insufficient to entitle the party to *de novo* review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'" (internal citations omitted)); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Judge Love recommended dismissal of the claims because Plaintiff failed to allege any facts that would establish any "atypical and significant hardship" sufficient to trigger a right to due process in connection with his current conditions of confinement or to establish that those conditions otherwise violate his constitutional rights. Docket No. 8 at 6–14. In his objections, Plaintiff complains of having lost the privilege of visits, including media visits, with anyone other than immediate family for two years. Docket No. 11 at 1. But he does not

dispute Judge Love's finding that other forms of communication, including letters and occasional telephone calls, remain open to him. *See* Docket No. 8 at 12–13.

Plaintiff complains that a "film" he was engaged in creating with a media member "cannot be produced without recorded interviews," Docket No. 11 at 2, but he does not establish that prisoners have any constitutional right to participate in in-person filmmaking. *See Pell v. Procunier*, 417 U.S. 817, 828 (1974) (upholding constitutionality of prison regulation barring face-to-face media interviews because "[s]o long as this restriction operates in a neutral fashion, without regard to the content of the expression, it falls within the appropriate rules and regulations to which prisoners necessarily are subject, and does not abridge any First Amendment freedoms retained by prison inmates" (citation modified)). Likewise, Plaintiff does not establish any constitutional right to the electronic tablet that he complains about losing. To the contrary, "no court has found that prisoners have a constitutional right to possess personal computers, or items that are similar to personal computers." *Spence v. Burns*, 2026 WL 569050, at *4 (N.D. Tex. Jan. 26, 2026) (quoting *Duenes v. Wainwright*, 2017 WL 6210904, at *3 (W.D. Tex. Dec. 7, 2017)), *report and recommendation adopted*, 2026 WL 565449 (N.D. Tex. Feb. 27, 2026).

And finally, Plaintiff's allegation that he is permitted "no human contact whatsoever" is contradicted by his own acknowledgment that he is still permitted family visits and "limited communication," as well as his ability to solicit, obtain, and submit the statement of a fellow inmate. *Compare* Docket No. 11 at 1 *with* Docket

No. 11 at 2, Docket No. 7-2.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 11) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 8) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **11th** day of **May, 2026.**

_____

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4